IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

GEORGIA M. WINFREY, Administrator )
of the Estate of QUENTIN LARRY, )
deceased, )
                                                   )
      Plaintiff, )
                                                   )
vs. )
                                                   )  Case No.
DANIEL WALSH, HEATHER GILL, )
DEPUTY HEATH, DEPUTY RUFF, DEPUTY )
SGT. JOHNSON, UNKNOWN CHAMPAIGN )
COUNTY DEPUTIES, ALLISON QUICK, )
NURSE ADAMS, HEALTH PROFESSIONALS )
LTD., COUNTY OF CHAMPAIGN, ILLINOIS, )
                                                   )
     Defendants. )

# **COMPLAINT**

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and State Law. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

2. This judicial district is an appropriate venue under 28 U.S.C. § 1391(b) because the events giving rise to the suit occurred in this judicial district.

3. The plaintiff, GEORGIA M. WINFREY is the Administrator of the Estate of decedent QUENTIN LARRY (hereinafter "Mr. Larry"), Champaign County Probate Case #06-P-267, having been appointed Administrator on September 22, 2006 and is a resident of the Central District of Illinois.

4. Defendant, DANIEL WALSH (Walsh) was, at all times relevant, the Sheriff of Champaign County, Illinois, acting under color of state law and is sued in his official capacity.

5. Defendants, HEATHER GILL (Gill), DEPUTY HEATH (Heath), DEPUTY RUFF (Ruff), DEPUTY SGT. JOHNSON (Johnson) and UNKNOWN CHAMPAIGN COUNTY DEPUTIES (Deputies) are sued in his/her/their individual capacity and at all times relevant hereto each was acting under color of state law and within the course and scope of employment as a deputy sheriff.

6. Defendant, NURSE ADAMS (Adams) was, at all times relevant, employed by defendant Health Professionals, LTD. as a nurse at the Champaign County Jail, acting under color of state law, and is sued in her individual capacity.

7. Defendant, ALLISON QUICK (Quick) was, at all times relevant, a mental health worker at the Champaign County Jail, acting under color of state law and is sued in her individual capacity.

8. Defendant Health Professionals, LTD. (HPL) is an Illinois corporation which provides medical and health care services to adult detainees and prisoners at the Champaign County jails, pursuant to contract with the County of Champaign.

9. Defendant COUNTY OF CHAMPAIGN, ILLINOIS (County) is joined in this action pursuant to *Carver v. Sheriff of LaSalle County,* 324 F.3d 946 (7th Cir. 2003).

10. Mr. Larry was arrested on misdemeanor charges on May 27, 2006 by City of Urbana police officers and transported to the Champaign County Jail and admitted to the jail as a pre-trial detainee.

11. Following his arrival at the jail, Mr. Larry became seriously ill and required emergency medical and/or psychiatric care. One or more of defendants Gill, Adams, Quick, Johnson, Heath, Ruff and/or Deputies, after being made aware that Mr. Larry required emergency medical and/or psychiatric care, and with deliberate indifference to such serious medical need, failed or refused to take action to provide Mr. Larry with medical and/or psychiatric care, thereby proximately causing, in whole or in part, his conscious pain and suffering and his death.

12. While incarcerated at the jail, Mr. Larry became seriously ill and was aware that he required emergency medical and/or psychiatric care. Mr. Larry repeatedly requested medical assistance and rather than provide him with such assistance, one or more of defendants Gill, Johnson, Heath, Ruff and/or Deputies used excessive physical force against Mr. Larry, thereby proximately causing, in whole or in part, his conscious pain and suffering and his death.

13. Mr. Larry went into full cardiac arrest in the cell at the Champaign County Satellite Jail and he was pronounced dead on May 28, 2006.

14. Defendant Walsh was aware of the need for appropriate policies and procedures to monitor and discipline jail deputies to prevent illegal and unconstitutional behaviors by deputies against inmates of the Champaign County jails. Nevertheless, he failed to develop and implement adequate policies and procedures, which enabled Champaign County jail deputies to engage in conduct that violates the constitutional rights of persons in custody, including Mr. Larry, without fear of reprimand, discipline or criminal prosecution, creating an atmosphere where such unconstitutional behavior is

ratified, tolerated, acquiesced or condoned, in reckless disregard and deliberate indifference to the welfare of the public, including Mr. Larry, thereby proximately causing, in whole or in part, his conscious pain and suffering and his death.

15.   In ignoring Mr. Larry's serious need for medical and/or psychiatric care, defendant Adams acted in accordance with the official customs, policies and practices of defendant HPL, including but not limited to a policy of discouraging referral of detainees to out-of-facility hospitals, medical providers and emergency rooms as a means of reducing costs.

16.   Defendant HPL owed a duty to provide professional and responsible health services to Mr. Larry.  Notwithstanding this duty, after being made aware that Mr. Larry required emergency medical and/or psychiatric care, defendant Adams, acting in accordance with the policies and procedures of defendant HPL, willfully, wantonly or negligently failed or refused to take action to provide Mr. Larry with medical and/or psychiatric care, thereby proximately causing, in whole or in part, his conscious pain and suffering and his death.

17.   Defendant Adams owed a duty to provide professional and responsible health services to Mr. Larry.  Notwithstanding this duty, defendant Adams willfully, wantonly or negligently failed or refused to take action to provide Mr. Larry with medical and/or psychiatric care, thereby proximately causing, in whole or in part, his conscious pain and suffering and his death.

18.   The heirs/beneficiaries of the decedent, Quentin Larry, are a natural daughter, Q. J., born in 1997 and a natural daughter, M. J., born in 2001 and they  have suffered pecuniary damages and have been deprived of the support, comfort, protection

and society of the decedent.

19.   Plaintiff brings state law claims pursuant to all applicable Survival Act statutes, provisions and case law, including 755 ILCS 5/27-6 and 735 ILCS 5/13-209 and pursuant to the Illinois Wrongful Death Act 740 ILCS 180/1 et seq.

WHEREFORE, plaintiff prays for judgment against the defendants in an amount as a jury shall determine, attorney's fees, punitive damages as allowed, costs of this suit, pre-judgment interest and such other and further relief as this Court deems just.

**PLAINTIFF DEMANDS TRIAL BY JURY**

RESPECTFULLY SUBMITTED,

GEORGIA WINFREY

**JUDE MARIE REDWOOD**

May 4, 2007          s/ Jude Marie Redwood

Mrs. Jude M. Redwood 6257623
For the plaintiff
REDWOOD LAW OFFICE
P.O. Box 864
St. Joseph, IL 61873
Telephone: (217) 469-9194
Facsimile: (217) 469-8094
redwoodlaw42@hotmail.com

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GEORGIA WINFREY, Administrator of the Estate of QUENTIN LARRY, Deceased.

### DEFENDANTS
DANIEL WALSH, HEATHER GILL, DEPUTY HEATH, DEPUTY RUFF, DEPUTY SGT. JOHNSON, UNKNOWN DEPUTIES, ALLISON QUICK, CHAMPAIGN COUNTY, NURSE ADAMS, HEALTH PROFESSIONALS LTD.

(b) County of Residence of First: CHAMPAIGN
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: CHAMPAIGN
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
JUDE M. REDWOOD
REDWOOD LAW OFFICE
P.O. BOX 864
ST. JOSEPH, IL 61873
(217) 469-9194   FAX (217) 469-8094

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- X 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury -- Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury -- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | X 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | X 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS -- Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / X 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 USC §1983 FOURTH AND FOURTEENTH AMENDMENT AND PENDENT STATE WRONGFUL DEATH CLAIM.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ NO AMOUNT
CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 5-
SIGNATURE OF ATTORNEY OF RECORD: Jude M Redwood