**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| GEORGIA M. WINFREY, Administrator of the Estate of QUENTIN LARRY, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 07-2093 |
| | ) |
| DANIEL WALSH, HEATHER GILL, DEPUTY HEATH, DEPUTY RUFF, DEPUTY SGT. JOHNSON, UNKNOWN CHAMPAIGN COUNTY DEPUTIES, ALLISON QUICK, NURSE ADAMS, HEALTH PROFESSIONALS, LTD., COUNTY OF CHAMPAIGN, ILLINOIS, | ) ) ) ) ) ) ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

In May 2007, Plaintiff, Georgia Winfrey, administrator of the estate of Quentin Larry, deceased, filed a Complaint (#1) against Defendants Daniel Walsh, Heather Gill, Deputy Heath, Deputy Ruff, Deputy Sgt. Johnson, Unknown Champaign County Deputies, Allison Quick, Nurse Adams, Health Professionals, Ltd., and County of Champaign, Illinois. The Court has jurisdiction based on federal question pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged constitutional claims pursuant to 42 U.S.C. § 1983.

In June 2007, Defendants Health Professionals, Ltd. (hereinafter "HPL"), Kendra Adams, and Allison Quick filed a Motion To Dismiss Plaintiff's Complaint or, In the Alternative, Motion To Strike Prayer for Punitive Damages and Motion for More Definite Statement (#24). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss Plaintiff's Complaint or, In the Alternative, Motion To Strike Prayer for Punitive Damages and Motion for More Definite Statement **(#24)** be **DENIED**.

## I. Background

The following background is based on the complaint. Defendant Walsh is Sheriff of Champaign County. Defendants Gill, Heath, Ruff, Johnson, and unknown deputies worked for Champaign County at relevant times. Defendants Adams and Quick worked for Defendant HPL at relevant times. At relevant times, HPL provided medical and health care services to adult detainees and prisoners at Champaign County jails.

Plaintiff sues Defendant Walsh in his official capacity and the remaining individual defendants in their individual capacities. Plaintiff alleges that she joined Defendant Champaign County pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 946 (7th Cir. 2003) (stating that, in Illinois, a county is "a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity").

Plaintiff alleges that Urbana police officers arrested Quentin Larry in May 2006 and transported him to the Champaign County Jail, where he was admitted as a pretrial detainee. Following his arrival at the jail, Larry became ill and required medical and/or psychiatric care. One or more of Defendants Gill, Adams, Quick, Johnson, Heath, Ruff, and/or unknown deputies became aware that Larry required such care but failed to provide it, thereby causing Larry conscious pain and suffering and death. In addition, Defendants Gill, Johnson, Heath, Ruff, and unknown deputies used excessive physical force against him, thereby causing him conscious pain and suffering and death. Larry died at the Champaign County Jail on May 29, 2006, of cardiac arrest.

Plaintiff also alleges that Defendant Walsh failed to develop and implement adequate policies and procedures, thus creating an atmosphere whereby his deputies and HPL personnel could engage in unconstitutional behavior.

## II. Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

## III. Analysis

Defendants argue that the Court should dismiss the complaint or require Plaintiff to file a more definite statement because (1) Plaintiff pled multiple claims in a single count; (2) it is unclear what the claims are and to which Defendant each claim is directed; (3) if Plaintiff is intending to assert a medical malpractice claim, she failed to file a certificate of merit as required by Illinois statute (735 ILCS 5/2-622(a)(1)). In addition, Defendants argue that the Court should strike the prayer for relief in the form of punitive damages to the extent that Plaintiff is seeking punitive damages under the Illinois Survival Act (755 ILCS 5/27-6) or the Illinois Wrongful Death Act (740 ILCS 180/1 *et seq.*).

Plaintiff objects to dismissal, arguing that (1) Defendants brought the motion pursuant to the wrong rules; and (2) the complaint complies with federal standards for pleading. Plaintiff also objects to striking the prayer for punitive damages because the complaint alleged "punitive damages as allowed." (#1, p. 5.) Thus, she impliedly has conceded that, to the extent punitive damages are not allowed for any alleged state law claim, she is not seeking such damages.

The Court agrees that the complaint is not a model of clarity. Defendants are correct that Plaintiff has placed all claims and allegations in a single count in violation of Federal Rule of Civil Procedure 10(b). Furthermore, Plaintiff has conceded that courts retain inherent power to order compliance with federal rules including Rule 10(b). Plaintiff's attorney has clearly spent

time carefully crafting a response to this motion to dismiss.  That time would have been better spent amending the complaint to clarify the issues raised by Defendants' motion and comply with Federal Rules of Civil Procedure, thus saving the parties' and the Court's resources.

To eliminate further waste of the parties' and the Court's time, the Court construes the complaint as alleging the following claims:  (1) Defendants Gill, Johnson, Ruff, unknown deputies, Adams, and Quick, sued in their individual capacities, violated Larry's constitutional rights by their deliberate indifference to Larry's serious medical needs.  (2) Defendants Gill, Johnson, Heath, Ruff, and unknown deputies, sued in their individual capacities, violated Larry's constitutional rights by using excessive force against Larry.  (3) Defendant Walsh, sued in his official capacity, failed to develop adequate policies to prevent Champaign County jail deputies from engaging in conduct that violates the constitutional rights of persons in custody.  In an official capacity claim, the real party in interest is the employer, thus this claim is actually against Defendant Champaign County.  *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 382 (7th Cir. 1988) ("An official-capacity suit is not a suit against the official as an individual; the real party in interest is the entity.").

The allegations in Paragraphs 15-17 are a little more difficult to figure out.  Regarding Defendants' argument that the Court should dismiss any purported medical malpractice claims because Plaintiff failed to file a certificate of merit, Plaintiff first explains in her memorandum that she is asserting constitutional claims pursuant to Section 1983.  The Court notes that, as to Adams, Plaintiff has alleged a constitutional claim in Paragraph 11 (stating that Adams was deliberately indifferent to Larry's serious medical needs when she failed or refused to provide Larry with medical care).  Thus, she has already asserted a constitutional claim against Adams.  As to Defendant HPL, the Court notes that the doctrine of *respondeat superior* does not apply in the context of a Section 1983 claim.  *Respondeat superior* is a judge-made doctrine, applicable to most tort cases but not to Section 1983 cases, that makes an employer liable for the torts its employees commit in the course of their employment.  *Gernetzke v. Kenosha Unified Sch. Dist. No. 1*, 274 F.3d 464, 468 (7th Cir. 2001).  Thus, the Court concludes that Plaintiff is not attempting to, and indeed cannot, state a constitutional claim against HPL by alleging that

4

Adams, acting within the scope of her employment and consistent with HPL's policies, deprived Larry of his constitutional rights.

Finally, notwithstanding her references to "duty" and "negligence," Plaintiff's attorney explains in her memorandum that she is not attempting to assert state law medical malpractice claims. Counsel acknowledges that Plaintiff has not given her any information that would justify pleading a medical malpractice claim at this time. Cognizant of her obligations under Federal Rule of Civil Procedure 11, counsel has declined to assert such a claim at this time, stating that "if the discovery discloses that there is a medical malpractice issue, the plaintiff will be able to secure a certificate of merit and move for leave to amend." (#27, p. 15.) Accordingly, the Court concludes that the complaint contains no state law medical malpractice claims.

Absent allegations of medical malpractice claims, the Court further concludes that the complaint, in fact, contains no state law claims. Because Plaintiff has alleged no state law claims, the Court need not address Defendants' motion to strike punitive damages.

The Court hopes this construction of the complaint apprises Defendants of the claims against them. Should Plaintiff disagree with it, the Court recommends that she be allowed to file an amended complaint.

### IV.  Summary

For the reasons stated above, the Court recommends that Defendants' Motion To Dismiss Plaintiff's Complaint or, In the Alternative, Motion To Strike Prayer for Punitive Damages and Motion for More Definite Statement **(#24)** be **DENIED**. If Plaintiff disagrees with the Court's construction of the complaint, the Court further recommends that she be allowed to file an amended complaint within fourteen (14) days of the entry of an order on this Report and Recommendation.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 7th day of September, 2007.

                                                s/ DAVID G. BERNTHAL
                                                U.S. MAGISTRATE JUDGE