E-FILED
Monday, 03 December, 2007  12:37:12 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| **GEORGIA M. WINFREY, Administrator** ) | |
| **of the Estate of QUENTIN LARRY,** ) | |
| **Deceased,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **vs.** ) | **Case No. 07-2093** |
| ) | |
| **DANIEL WALSH, HEATHER GILL,** ) | |
| **DEPUTY HEATH, DEPUTY RUFF,** ) | |
| **DEPUTY SGT. JOHNSON, UNKNOWN** ) | |
| **CHAMPAIGN COUNTY DEPUTIES,** ) | |
| **ALLISON QUICK, NURSE ADAMS,** ) | |
| **HEALTH PROFESSIONALS, LTD.,** ) | |
| **COUNTY OF CHAMPAIGN, ILLINOIS,** ) | |
| ) | |
| **Defendants.** ) | |

# REPORT AND RECOMMENDATION

In May 2007, Plaintiff, Georgia Winfrey, administrator of the estate of Quentin Larry, deceased, filed a Complaint (#1) against Defendants Daniel Walsh, Heather Gill, Deputy Heath, Deputy Ruff, Deputy Sgt. Johnson, Unknown Champaign County Deputies, Allison Quick, Nurse Adams, Health Professionals, Ltd., and County of Champaign, Illinois.  In October 2007, Plaintiff filed an Amended Complaint (#37) against Defendants Walsh, Gill, Heath, Johnson, Quick, Adams, Health Professionals, Ltd., County of Champaign, Illinois, and Stephen Winters. Jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

In October 2007, Defendant Adams filed a Motion To Dismiss Plaintiff's Amended Complaint (#42).  After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant Adams' Motion To Dismiss Plaintiff's Amended Complaint **(#42)** be **GRANTED** in part and **DENIED** in part.

2:07-cv-02093-MPM-DGB   # 59   Page 2 of 6

# I. Background

The following background is based on the amended complaint. Defendant Walsh is Sheriff of Champaign County. Defendants Gill, Heath, Johnson, and Winters worked as deputies for Champaign County at relevant times. At relevant times, Defendant Adams was a mental health worker at the Champaign County Jail and Defendant Quick worked for Defendant Health Professionals, Ltd. (hereinafter "HPL"). HPL provided medical and health care services to adult detainees and prisoners at Champaign County jails.

Plaintiff sues Defendant Walsh in his official capacity and the remaining individual defendants in their individual capacities. Plaintiff alleges that she joined Defendant Champaign County as a party pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003) (stating that, in Illinois, a county is "a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity").

Plaintiff alleges that City of Urbana police officers arrested Quentin Larry in May 2006 and transported him to the Champaign County Jail, where he was admitted as a pretrial detainee. Following his arrival at the jail, Larry became seriously ill and required medical and/or psychiatric care. One or more of Defendants Gill, Adams, Quick, Johnson, Heath, or Winters became aware that Larry required care and, with deliberate indifference to Larry's need, failed to provide it, thereby causing Larry conscious pain and suffering and death. Plaintiff also alleges that Defendants Gill, Johnson, Heath, or Winters used excessive physical force against Larry instead of providing him with medical care, thereby causing him conscious pain and suffering and death. Larry died at the Champaign County Jail on May 28, 2006, of cardiac arrest.

Plaintiff also alleges that Defendant Walsh failed to develop and implement adequate policies and procedures. This created an atmosphere where unconstitutional conduct was condoned, which enabled the deputies to engage in unconstitutional conduct without fear of reprimand, discipline, or prosecution. Walsh's failure to develop policies and procedures proximately caused Larry's pain and suffering and death.

Plaintiff also alleges that Defendants HPL and Adams had a duty to provide health care services to Larry.  Notwithstanding this duty, HPL and Adams willfully and wantonly or negligently refused to provide the medical and/or psychiatric care that Larry needed, thereby proximately causing his pain and suffering and death.

The amended complaint alleges four counts, as follows.  Count I, against Defendants Gill, Adams, Quick, Johnson, Heath, and Winters, alleges a constitutional claim of deliberate indifference to serious medical need.  Count II, against Defendants Gill, Johnson, Heath, and Winters, alleges a constitutional claim of excessive force.  Count III, against Defendant Walsh in his official capacity, alleges a constitutional claim of failure to supervise.  Count IV, against Defendants HPL and Adams, alleges a state law claim of wrongful death, based on either negligent or willful and wanton failure to provide medical care, pursuant to the Illinois Wrongful Death Act (740 ILCS 180/1 *et seq*.).

## II.  Standard

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles":  First, the plaintiff must plead sufficient facts to give fair notice of the claim and the grounds upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative' level."  *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1965, 1973 n.14 (2007)).  On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true, and grants all reasonable inferences in the plaintiff's favor.  *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atlantic,* 127 S.Ct. at 1965 (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

*Bell Atlantic* did not eliminate the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations. *Bell Atlantic*, 127 S.Ct. at 1964. It is still true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S.Ct. at 1965. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

### III. Analysis

Defendant Adams argues that the Court should dismiss Counts I and IV of the amended complaint because (1) Defendant cannot determine from the allegations what she did that constituted deliberate indifference or willful and wanton or negligent failure to provide medical care to Mr. Larry; and (2) as to Count IV, Plaintiff failed to file a certificate of merit pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622).

Plaintiff objects to dismissal, arguing that the complaint complies with federal notice pleading standards. With regard to the certificate of merit, she concedes that Count IV "sounds in negligence and must be construed as medical malpractice when alleged against a medical provider, such as HPL." (#57, p.7.) Plaintiff explained in her memorandum that she has requested information that would allow her to obtain a certificate of merit, but Defendant HPL has not yet responded. Nevertheless, she argues that Section 2-622 is a state pleading requirement that does not apply in federal court, therefore, she need not file a certificate of merit.

Regarding whether the complaint adequately states claims in Counts I and IV, the Court agrees with Plaintiff. The complaint alleges that Mr. Larry was arrested and booked into the jail. He became ill and requested medical help. Defendant Quick and other Defendants refused to provide medical care and Mr. Larry died. Applying the Seventh Circuit's guidelines regarding pleading to the allegations in this case, the Court concludes that they are sufficient to withstand a motion to dismiss. The parties can fill in the details through discovery. Accordingly, the Court recommends denying the motion to dismiss on the basis of failure to state a claim.

The issue of whether a plaintiff is required to file a certificate of merit to pursue a medical malpractice claim in federal court is not so clear-cut. The Seventh Circuit court addressed this issue indirectly in *Sherrod v. Lingle*, 223 F.3d 605 (7th Cir. 2000). In that case, a prisoner filed constitutional claims and a medical malpractice claim against multiple defendants. With regard to the malpractice claim, the plaintiff filed a single certificate as to all defendants. The district found that certificate to be insufficient under Illinois law and dismissed the claim with prejudice. *Id.* at 613.

On appeal, the Seventh Circuit court considered whether the district court had erred by dismissing with prejudice; the issue of whether a plaintiff must file a certificate when asserting a medical malpractice claim in federal court is not the subject of *Sherrod's* holding. Nevertheless, with regard to the certificate requirement, the court stated as follows:

> To minimize frivolous malpractice suits, Illinois law requires the plaintiff to file a physician's certificate of merit and accompanying report with every malpractice complaint. *See* 735 Ill. Comp. Stat. 5/2-622; *McCastle v. Sheinkop*, 121 Ill. 2d 188, 117 Ill. Dec. 132, 520 N.E.2d 293, 294 (1987). The certificate must affirm that a qualified, licensed physician has reviewed the case and determined that "there is a reasonable and meritorious cause for the filing of such action." 735 Ill. Comp. Stat. 5/2-622. A certificate and report must be filed "as to each defendant who has been named in the complaint." *Id.* Failure to abide by this requirement "shall be grounds for dismissal." *Id.* While dismissal is mandatory, courts have discretion to dismiss with or without leave to amend. *See McCastle*, 117 Ill. Dec. 132, 520 N.E.2d at 296.

*Id.* Thus, without any discussion, the Seventh Circuit accepted without question that Section 2-622 applies to medical malpractice claims filed in federal court in Illinois.

5

The [*Sherrod*] court makes no exception for medical malpractice claims filed in federal courts, and nothing in Sherrod can be read to suggest that a medical malpractice plaintiff is shielded from section 2–622 simply by filing in an Article III court.  Even if a district court regards that language in Sherrod as dicta, Sherrod's disposition makes the seventh circuit's intent unmistakable.

Robert Vogt, Must Med-Mal Plaintiffs File Section 2-622 Certificates of Merit in Federal Court?, 91 Ill. B.J. 72, 74 (2003) (footnotes omitted).

As Plaintiff noted in her memorandum, *Sherrod's* seemingly clear language did not end the debate in Illinois courts.  Nevertheless, this Court believes that the message of *Sherrod* is that federal courts should apply Section 2-622 to medical malpractice claims.  *See* Robert Vogt, at 74-75.  Accordingly, the Court recommends granting the motion to dismiss the medical malpractice claim in Count IV at this time.

## IV.  Summary

For the reasons stated above, the Court recommends that Defendant Adam's Motion To Dismiss Plaintiff's Amended Complaint **(#42)** be **GRANTED as to Count IV** and **DENIED as to Count I**.  Because Plaintiff may be able to cure the defect noted with respect to Count IV, the Court recommends that the dismissal be without prejudice.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 3rd day of December, 2007.

_____ s/ DAVID G. BERNTHAL_____
U.S. MAGISTRATE JUDGE