IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| GEORGIA M. WINFREY, Administrator of the Estate of QUENTIN LARRY, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 07-2093 |
| DANIEL WALSH, HEATHER GILL, DEPUTY HEATH, DEPUTY RUFF, DEPUTY SGT. JOHNSON, UNKNOWN CHAMPAIGN COUNTY DEPUTIES, ALLISON QUICK, NURSE ADAMS, HEALTH PROFESSIONALS, LTD., COUNTY OF CHAMPAIGN, ILLINOIS, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

   In May 2007, Plaintiff, Georgia Winfrey, administrator of the estate of Quentin Larry, deceased, filed a Complaint (#1) against Defendants Daniel Walsh, Heather Gill, Deputy Heath, Deputy Ruff, Deputy Sgt. Johnson, Unknown Champaign County Deputies, Allison Quick, Nurse Adams, Health Professionals, Ltd., and County of Champaign, Illinois. In October 2007, Plaintiff filed an Amended Complaint (#37) against Defendants Walsh, Gill, Heath, Johnson, Quick, Adams, Health Professionals, Ltd., County of Champaign, Illinois, and Stephen Winters. Jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

   In November 2007, Defendant Winters filed a Motion To Strike and Dismiss Counts I, II and III of the Plaintiff's Amended Complaint (#53). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Strike and Dismiss Counts I, II and III of the Plaintiff's Amended Complaint **(#53)** be **DENIED**.

## I.  Background

The following background is based on the amended complaint.  Defendant Walsh is Sheriff of Champaign County.  Defendants Gill, Heath, Johnson, and Winters worked as deputies for Champaign County at relevant times.  At relevant times, Defendant Adams was a mental health worker at the Champaign County Jail and Defendant Quick worked for Defendant Health Professionals, Ltd. (hereinafter "HPL").  HPL provided medical and health care services to adult detainees and prisoners at Champaign County jails.

Plaintiff sues Defendant Walsh in his official capacity and the remaining individual defendants in their individual capacities.  Plaintiff alleges that she joined Defendant Champaign County pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003) (stating that, in Illinois, a county is "a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity").

Plaintiff alleges that City of Urbana police officers arrested Quentin Larry in May 2006 and transported him to the Champaign County Jail, where he was admitted as a pretrial detainee.  Following his arrival at the jail, Larry became seriously ill and required medical and/or psychiatric care.  One or more of Defendants Gill, Adams, Quick, Johnson, Heath, or Winters became aware that Larry required care and, with deliberate indifference to Larry's need, failed to provide it, thereby causing Larry conscious pain and suffering and death.  Plaintiff also alleges that Defendants Gill, Johnson, Heath, or Winters used excessive physical force against Larry instead of providing him with medical care, thereby causing him conscious pain and suffering and death.  Larry died at the Champaign County Jail on May 28, 2006, of cardiac arrest.

Plaintiff also alleges that Defendant Walsh failed to develop and implement adequate policies and procedures.  This created an atmosphere where unconstitutional conduct was condoned, which enabled the deputies to engage in unconstitutional conduct without fear of reprimand, discipline, or prosecution.  Walsh's failure to develop policies and procedures proximately caused Larry's pain and suffering and death.

Plaintiff also alleges that Defendants HPL and Adams had a duty to provide health care services to Larry.  Notwithstanding this duty, Defendants HPL and Adams willfully and wantonly or negligently refused to provide the medical and/or psychiatric care that Larry needed, thereby proximately causing his pain and suffering and death.

The amended complaint alleges four counts, as follows.  Count I, against Defendants Gill, Adams, Quick, Johnson, Heath, and Winters, alleges a constitutional claim of deliberate indifference to serious medical need.  Count II, against Defendants Gill, Johnson, Heath, and Winters, alleges a constitutional claim of excessive force.  Count III, against Defendant Walsh (in his official capacity), alleges a constitutional claim of failure to supervise.  Count IV, against Defendants HPL and Adams, alleges a state law claim of wrongful death, based on either negligent or willful and wanton failure to provide medical care, pursuant to the Illinois Wrongful Death Act (740 ILCS 180/1 *et seq.*).

## II.  Standard

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles":  First, the plaintiff must plead sufficient facts to give fair notice of the claim and the grounds upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative' level."  *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1965, 1973 n.14 (2007)).  On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true, and grants all reasonable inferences in the plaintiff's favor.  *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atlantic,* 127 S.Ct. at 1965 (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

*Bell Atlantic* did not eliminate the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations. *Bell Atlantic*, 127 S.Ct. at 1964. It is still true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S.Ct. at 1965. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

### III.  Analysis

Defendant argues that the Court should dismiss Counts I, II, and III of the amended complaint because (1) Plaintiff pled multiple claims against multiple Defendants in a single count; (2) Plaintiff failed to indicate which claims are pled against which Defendants; and (3) it is unclear whether Plaintiff's state law claims arise out of the same conduct as the federal claims.

Plaintiff objects to dismissal, arguing that the complaint complies with federal notice pleading standards.

The Court agrees with Plaintiff. Each count expressly indicates which Defendants are being sued under that count, as the Court noted in the Background section above. Furthermore, it is clear that the state law claim in Count IV does not apply to the County Defendants; in fact, Defendants' motion expressly acknowledges this. *See* #53, ¶ 3. Accordingly, the Court recommends denying Defendants' motion to dismiss.

## IV.  Summary

For the reasons stated above, the Court recommends that Defendant's Motion To Strike and Dismiss Counts I, II and III of the Plaintiff's Amended Complaint **(#53)** be **DENIED**.  The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 3rd day of December, 2007.

                                                       s/ DAVID G. BERNTHAL  
                                                       U.S. MAGISTRATE JUDGE