# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| GEORGIA M. WINFREY, Administrator of the Estate of QUENTIN LARRY, Deceased,<br><br>         Plaintiff,<br>   vs.<br><br>DANIEL WALSH, HEATHER GILL, DEPUTY HEATH, DEPUTY RUFF, DEPUTY SGT. JOHNSON, UNKNOWN CHAMPAIGN COUNTY DEPUTIES, ALLISON QUICK, NURSE ADAMS, HEALTH PROFESSIONALS, LTD., COUNTY OF CHAMPAIGN, ILLINOIS,<br><br>         Defendants. | Case No. 07-2093 |

# REPORT AND RECOMMENDATION

In May 2007, Plaintiff, Georgia Winfrey, administrator of the estate of Quentin Larry, deceased, filed a Complaint (#1) against Defendants Daniel Walsh, Heather Gill, Deputy Heath, Deputy Ruff, Deputy Sgt. Johnson, Unknown Champaign County Deputies, Allison Quick, Nurse Adams, Health Professionals, Ltd., and County of Champaign, Illinois. In October 2007, Plaintiff filed an Amended Complaint (#37) against Defendants Walsh, Gill, Heath, Johnson, Quick, Adams, Health Professionals, Ltd., County of Champaign, Illinois, and Stephen Winters. Jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

In October 2007, Defendant Health Professionals, Ltd. (hereinafter "HPL") filed a Motion To Dismiss Plaintiff's Amended Complaint (#44). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant HPL's Motion To Dismiss Plaintiff's Amended Complaint **(#44)** be **GRANTED**.

##    I.  Background

The following background is based on the amended complaint.  Defendant Walsh is Sheriff of Champaign County.  Defendants Gill, Heath, Johnson, and Winters worked as deputies for Champaign County at relevant times.  At relevant times, Defendant Adams was a mental health worker at the Champaign County Jail and Defendant Quick worked for Defendant HPL.  HPL provided medical and health care services to adult detainees and prisoners at Champaign County jails.

Plaintiff sues Defendant Walsh in his official capacity and the remaining individual defendants in their individual capacities.  Plaintiff alleges that she joined Defendant Champaign County as a party pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003) (stating that, in Illinois, a county is "a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity").

Plaintiff alleges that City of Urbana police officers arrested Quentin Larry in May 2006 and transported him to the Champaign County Jail, where he was admitted as a pretrial detainee.  Following his arrival at the jail, Larry became seriously ill and required medical and/or psychiatric care.  One or more of Defendants Gill, Adams, Quick, Johnson, Heath, or Winters became aware that Larry required care and, with deliberate indifference to Larry's need, failed to provide it, thereby causing Larry conscious pain and suffering and death.  Plaintiff also alleges that Defendants Gill, Johnson, Heath, or Winters used excessive physical force against Larry instead of providing him with medical care, thereby causing him conscious pain and suffering and death.  Larry died at the Champaign County Jail on May 28, 2006, of cardiac arrest.

Plaintiff also alleges that Defendant Walsh failed to develop and implement adequate policies and procedures.  This created an atmosphere where unconstitutional conduct was condoned, which enabled the deputies to engage in unconstitutional conduct without fear of reprimand, discipline, or prosecution.  Walsh's failure to develop policies and procedures proximately caused Larry's pain and suffering and death.

Plaintiff also alleges that Defendants HPL and Adams had a duty to provide health care services to Larry.  Notwithstanding this duty, HPL and Adams willfully and wantonly or negligently refused to provide the medical and/or psychiatric care that Larry needed, thereby proximately causing his pain and suffering and death.

The amended complaint alleges four counts, as follows.  Count I, against Defendants Gill, Adams, Quick, Johnson, Heath, and Winters, alleges a constitutional claim of deliberate indifference to serious medical need.  Count II, against Defendants Gill, Johnson, Heath, and Winters, alleges a constitutional claim of excessive force.  Count III, against Defendant Walsh in his official capacity, alleges a constitutional claim of failure to supervise.  Count IV, against Defendants HPL and Adams, alleges a state law claim of wrongful death, based on either negligent or willful and wanton failure to provide medical care, pursuant to the Illinois Wrongful Death Act (740 ILCS 180/1 *et seq.*).

## II.  Standard

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  The United States Supreme Court has interpreted this language to impose two "easy-to-clear hurdles":  First, the plaintiff must plead sufficient facts to give fair notice of the claim and the grounds upon which it rests, and second, those facts, if true, must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative' level."  *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1965, 1973 n.14 (2007)).  On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true, and grants all reasonable inferences in the plaintiff's favor.  *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atlantic,* 127 S.Ct. at 1965 (requiring plausible grounds for inferences if those inferences are to sustain a complaint).

*Bell Atlantic* did not eliminate the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations. *Bell Atlantic*, 127 S.Ct. at 1964. It is still true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S.Ct. at 1965. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

### III.  Analysis

Defendant HPL argues that the Court should dismiss Counts I and IV of the amended complaint because (1) HPL cannot be liable for the constitutional claim in Count I based on the doctrine of *respondeat superior*; (2) as to Count IV, Plaintiff failed to file a certificate of merit pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622); and (3) as to Count IV, Plaintiff failed to state a claim because the complaint contains no factual allegations from which one can determine what Defendant Adams did that constituted a failure or refusal to take action to provide medical care to Mr. Larry.

As an initial matter, the Court notes that Defendant HPL is not named as a defendant in Count I therefore the Court need not consider Defendant's argument regarding that count.

Plaintiff objects to dismissal of Count IV, arguing that the complaint complies with federal notice pleading standards. With regard to the certificate of merit, she concedes that Count IV "sounds in negligence and must be construed as medical malpractice when alleged against a medical provider, such as HPL." (#57, p.7.)  Plaintiff explained in her memorandum that she has requested information that would allow her to obtain a certificate of merit, but Defendant HPL has not yet responded. Nevertheless, she argues that Section 2-622 is a state

pleading requirement that does not apply in federal court, therefore, she need not file a certificate of merit.

The Court addressed the issues of failure to state a claim and failure to file a certificate of merit in its Report and Recommendation (#59) on Defendant Adam's motion to dismiss. Consistent with that recommendation, the Court concludes that Plaintiff has adequately stated a claim in Count IV. However, because Plaintiff failed to file a certificate of merit as required by Section 2-622, the Court recommends granting the motion to dismiss Count IV at this time.

### IV.  Summary

For the reasons stated above, the Court recommends that Defendant HPL's Motion To Dismiss Plaintiff's Amended Complaint **(#44)** be **GRANTED** as to Count IV. Because Plaintiff may be able to cure the defect noted with respect to Count IV, the Court recommends that the dismissal be without prejudice.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 3rd day of December, 2007.

                                                              s/ DAVID G. BERNTHAL
                                                              U.S. MAGISTRATE JUDGE