UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| GEGORGIA M. WINFREY, Administrator ) of the Estate of QUENTIN LARRY, Deceased, ) ) Plaintiff, ) v. ) DANIEL WALSH, STEPHEN WINTERS, ) HEATHER GILL, DEPUTY HEATH, ) DEPUTY SGT. JOHNSON, ALLISON ) QUICK, NURSE ADAMS, and COUNTY ) OF CHAMPAIGN, ILLINOIS, ) ) Defendants. ) | Case No. 07-CV-2093 |

## OPINION

This case is before the court for ruling on the Objections and Motion for Reconsideration of Magistrate Judge's Order or, Alternatively, Rule 15(d) Motion to Supplement the Amended Complaint (#74) filed by Plaintiff, Georgia M. Winfrey, Administrator of the Estate of Quentin Larry. This court has carefully considered Plaintiff's Objections and Motions (#74) and Plaintiff's Memorandum of Law in Support (#75). Following this careful and thorough review, Plaintiff's Objections and Motions (#74) are DENIED.

BACKGROUND

On December 21, 2007, this court entered an Opinion (#65) in this case. This court accepted five Reports and Recommendations filed by Magistrate Judge David G. Bernthal. Plaintiff had objected to the recommendation that Count IV of her Amended Complaint, filed against Defendants Health Professionals, Ltd. and Nurse Adams, be dismissed for failure to file a certificate of merit pursuant to Section 2-622 of the Illinois Code of Civil Procedure (735 Ill. Comp. Stat. 5/2-622 (West 2006)). Plaintiff argued that this section was an Illinois pleading requirement not binding on federal

courts. After careful consideration of Plaintiff's argument, this court agreed with Judge Bernthal that, in Sherrod v. Lingle, 223 F.3d 605, 613 (7th Cir. 2000), the Seventh Circuit accepted without question that Section 2-622 applies to medical malpractice claims filed in federal court in Illinois. This court noted that Judge Bernthal recognized that Sherrod's seemingly clear language did not end the debate in Illinois courts on this issue. However, Judge Bernthal concluded that the message of Sherrod is that federal courts should apply Section 2-622 to medical malpractice claims. This court agreed with this reasoning. See Chapman v. Chandra, 2007 WL 1655799, at *3 (S.D. Ill. 2007) (the Seventh Circuit's decision in Sherrod "creates a strong implication that the Seventh Circuit favors district courts applying § 2-622 to medical malpractice claims"); see also Robar v. Wexford Health Sources, Inc., 2007 WL 401363, at *2 (C.D. Ill. 2007) (applying requirements of § 2-622). Thus, this court accepted Judge Bernthal's recommendation that Count IV be dismissed. Judge Bernthal had stated that, "[b]ecause Plaintiff may be able to cure the defect noted with respect to Count IV, the Court recommends that the dismissal be without prejudice."

This court therefore ordered, among other things, that Count IV of Plaintiff's Amended Complaint was dismissed without prejudice. Because this was the only count against Defendant Health Professionals, Ltd., it was terminated as a party to this action. Defendant Nurse Adams was also a named Defendant in Count I and remained a Defendant in the case.

On February 15, 2008, Plaintiff filed a Motion for Leave to File Second Amended Complaint (#69). In her Motion, Plaintiff acknowledged that she had attempted to plead a medical malpractice case against Defendant Adams and against Health Professionals, Ltd. "without filing a certificate of merit pursuant to ILCS 5/2-622." Plaintiff further acknowledged that this court dismissed this claim, without prejudice, because of the failure to file the certificate of merit. Plaintiff asked for

leave to file a Second Amended Complaint which included a certificate of merit from a retained expert witness, Belinda S. Durbin, R.N. Plaintiff also filed a proposed Second Amended Complaint and the affidavit of Plaintiff's attorney regarding compliance with 735 Ill. Comp. Stat. 5/2-622, with documentation regarding Nurse Durbin attached.

On February 29, 2008, Defendants Adams and Alyson Quick filed a Joint Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint (#71). Defendants Adams and Quick noted that, pursuant to the Discovery Order (#28) entered on July 17, 2007, the deadline for amending pleadings was January 30, 2008. Defendants cited Trustmark Ins. Co. v. General & Cologne Life Re of Am., 424 F.3d 542, 553 (7th Cir. 2005) and argued that, to amend a pleading after the expiration of the trial court's scheduling deadline, the moving party must show good cause. Defendants also argued that the standard for good cause primarily considers the diligence of the party seeking the amendment. Defendants stated that they objected to Plaintiff's motion because the time allowed for amendment of pleadings had passed and Plaintiff had not shown good cause for her failure to comply with the Discovery Order. Defendants also pointed out that Rule 6.1 of the Local Rules of the Central District of Illinois requires any party seeking an extension of time for any reason to file a motion for such extension before the original deadline expires. Defendants argued that, because Plaintiff failed to comply with the court's Discovery Order and failed to comply with Local Rule 6.1, her Motion for Leave to File Second Amended Complaint should be denied.

On March 6, 2008, Judge Benthal entered an Order (#73) denying Plaintiff's Motion for Leave to File Second Amended Complaint. Judge Bernthal stated:

> Plaintiff suggests in her motion that because the Court's

previous dismissal of her amended complaint was without prejudice, the Court would allow Plaintiff to amend if the proper certificate of merit required by law was obtained. That is undoubtedly what Chief Judge McCuskey contemplated. However, he did not extend the deadline for amendment of pleadings. It remained the responsibility of Plaintiff to cure the defect prior to the deadline or seek an extension of the deadline prior to its termination.

Plaintiff has offered no explanation as to why she could not have complied with the requirement of law in the first place, let alone prior to the January 30, 2008, deadline for amendment of pleadings. The tragic occurrence referenced in the complaint occurred in May 2006. As noted, the original complaint was filed May 4, 2007. Plaintiff has failed to offer any explanation for the inordinate delay in attempting to amend the complaint. Certainly, she has failed to show good cause. Given the authority cited in the written opposition, that failure dooms her effort here.

## ANALYSIS

Plaintiff argues before this court that this court should overturn Judge Bernthal's Order and allow her to file her proposed Second Amended Complaint, which includes the reinstatement of her state medical malpractice claims against Adams and Health Professionals, Ltd. In the alternative, Plaintiff asked this court to allow her, pursuant to Rule 15(d), to supplement her Amended Complaint by filing the certificate of merit, which would also result in the reinstatement of her state

medical malpractice claims.

In support of her argument that she should be allowed to file her Second Amended Complaint, Plaintiff stated that she did not file a 2-622 certificate with her original complaint because her attorney, based upon decisions by some district judges, believed that the state pleading requirement did not apply to cases filed in federal court. Plaintiff further stated that, after this court ruled otherwise, her "counsel originally believed that compliance with Illinois section 2-622 would be unreasonably expensive and had intended to leave the issue for appellate review." She stated that, in the course of preparing her federal claims for trial, her counsel discovered that she could, without significant additional expense, obtain the certificate of merit to comply with section 2-622. Plaintiff stated that her counsel came to this realization after the expiration of the January 30, 2008, deadline for amendment of pleadings and promptly sought leave to file a Second Amended Complaint. Plaintiff further contended that, under the Illinois statute, she had a 90 day grace period to file her certificate after this court ruled a certificate was necessary.

This court concludes that Plaintiff has fallen far short of showing good faith and has also misinterpreted the Illinois statute. Defendants are correct that "[t]o amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'" Trustmark Ins. Co., 424 F.3d at 553, citing Fed R. Civ. P. 16(b). Defendants are also correct that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." Trustmark Ins. Co., 424 F.3d at 552, quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1991). In this case, Plaintiff has admitted that, after this court ruled that a section 2-622 certificate of merit was necessary on December 21, 2007, her attorney made no attempt to obtain the necessary certificate before the January 30, 2008 deadline

for amending pleadings. Plaintiff stated that this was because her attorney "believed" (apparently without any inquiry) that such a certificate would be unreasonably expensive. This conduct does not show diligence on the part of Plaintiff, the party seeking amendment, and cannot establish good cause.

Plaintiff also argues at great length that the Illinois statute allowed her a 90 day grace period to file her certificate after this court ruled that the certificate was necessary and dismissed Count IV without prejudice. Section 2-622 provides, in relevant part:

> (a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:
>
> 1. That the affiant has consulted and reviewed the facts of the case with a health professional . . . [who] has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; . . . .
>
> 2. That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. <u>If an affidavit is executed</u>

>>pursuant to this paragraph, the affidavit and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint. No additional 90-day extensions pursuant to this paragraph shall be granted, except where there has been a withdrawal of the plaintiff's counsel.

735 Ill. Comp. Stat. 5/2-622(a) (West 2006) (emphasis added).

Based upon the plain language of the statute, it is clear that the 90-day extension applies only to a situation where a complaint is filed before the statute of limitations runs and the required affidavit and written report cannot be obtained before the expiration of the statute of limitations. In that type of case, the plaintiff's attorney must file an affidavit to that effect and file the required affidavit and written report "within 90 days after the filing of the complaint." 735 Ill. Comp. Stat. 5/2-622(a)(2) (West 2006) (emphasis added). Nothing in the statute gives a plaintiff a 90-day extension of time after a court rules that compliance with section 2-622 is necessary.

For the reasons stated, this court concludes that Judge Bernthal correctly determined that Plaintiff's Motion for Leave to File Second Amended Complaint should be denied. Accordingly, Plaintiff's Objections and Motion for Reconsideration of Judge Bernthal's Order is DENIED.

In the alternative, Plaintiff has asked this court to allow her to Supplement her Amended Complaint, pursuant to Rule 15(d), with her affidavit and the written report of Nurse Durbin, in compliance with Section 2-622.

Rule 15(d) provides:

>>**Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental

>pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense.

Fed. R. Civ. P. 15(d). Accordingly, a "supplemental pleading is one which sets forth 'transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.'" F.D.I.C. v. Knostman, 966 F.2d 1133, 1138 (7th Cir. 1992); see also Sims v. Kernan, 72 F. Supp. 2d 944, 946 (N.D. Ind. 1999) (Rule 15(d) "provides that if a defendant engages in actionable conduct after a lawsuit is commenced, the plaintiff may seek leave to file a supplemental pleading to assert a claim based on the subsequent conduct"). In this case, Plaintiff is not seeking to supplement her complaint with transactions or occurrences or events which have happened since the date of her earlier complaints. Instead, she is attempting to amend the complaint to include a certificate which was necessary at the time she filed her original complaint. Therefore, this court concludes that Plaintiff's request does not fall within the purview of Rule 15(d). Plaintiff's motion to supplement her complaint pursuant to Rule 15(d) is DENIED.

IT IS THEREFORE ORDERED THAT Plaintiff's Objections and Motion for Reconsideration of Magistrate Judge's Order or, Alternatively, Rule 15(d) Motion to Supplement the Amended Complaint (#74) is DENIED in its entirety.

ENTERED this 14th day of April,, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE